■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARVIS MCCRAY, Also Known as JARRIS MCCRAY, Appellant. [901 NYS2d 698]—

Appeal by the defendant, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Gary, J.), imposed June 9, 2009, as, upon his conviction of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, in effect, required him to register with the New York City Police Department as a gun offender pursuant to the Gun Offender Registration Act (see Administrative Code of City of NY § 10-601 et seq.) and to comply with the further requirements of the Gun Offender Registration Act, in effect, as a condition of his postrelease supervision.

Ordered that the judgment is reversed insofar as appealed from, on the law, and so much of the judgment as, in effect, directed the defendant to register with the New York City Police Department as a gun offender pursuant to the Gun Offender Registration Act and comply with the further requirements of the Gun Offender Registration Act, in effect, as a condition of his postrelease supervision, is vacated.

New York City's Gun Offender Registration Act (hereinafter GORA) imposes certain registration and reporting requirements on persons convicted in the courts of the City of New York of a "gun offense" (Administrative Code of City of NY § 10-601 et seq.). GORA defines a "[g]un offender," in pertinent part, as "any person who is convicted, after the effective date of this act, of a gun offense as defined in subdivision e of this section" (id. § 10-602 [d]). GORA defines "[g]un offense" as "a conviction of criminal possession of a weapon in the third degree in violation of subdivision 4, 5, 6, 7, or 8 of section 265.02 of the penal law or criminal possession of a weapon in the second degree in violation of subdivision 3 of section 265.03 of the penal law" (id. § 10-602 [e]).

The defendant pleaded guilty to attempted criminal possession of a weapon in the second degree in violation of Penal Law §§ 110.00 and 265.03 (3). As the defendant contends and the People correctly concede, GORA does not apply to him since he was not convicted of a "[g]un offense" within the meaning of GORA (Administrative Code of City of NY § 10-602 [e]; *People v Baker*, 62 AD3d 809 [2009]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.